**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 10-59-DLB-JGW**

**UNITED STATES OF AMERICA**                                                                   **PLAINTIFF**

**VS.**                                                     **ORDER**

**CURTIS WIDNER**                                                                               **DEFENDANT**

                                                        **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This matter is before the Court upon the Report and Recommendation ("R&R") of the United States Magistrate Judge wherein he recommends that the Court revoke Defendant's supervised release and impose a sentence of six (6) months incarceration, with thirty (30) months of supervised release to follow. (Doc. # 51). Defendant has filed Objections to the R&R (Doc. # 52), which are considered de novo. *United States v. Evans*, 581 F.3d 333, 338 n.4 (6th Cir. 2009) (a district court judge reviews a magistrate judge's factual findings for clear error and reviews his legal conclusions de novo). Defendant having been given the opportunity to allocute by filing a request to address the Court prior to sentencing (Doc. # 51, at 4), and Defendant having failed to file such notice requesting allocution, this matter is now ripe for review. Upon review, Defendant's Objections lack merit and will be **overruled**, and the R&R is **adopted** as the Court's opinion.

During the supervised release violating hearing conducted by Magistrate Judge Wehrman on May 23, 2013, Defendant admitted violating the terms of his supervised release as set forth in the May 7, 2013 violation report. (Doc. # 50); (Doc. # 51, at 1).

1

Specifically, he admitted committing the following violations:

**VIOLATION #1: THE DEFENDANT SHALL NOT PURCHASE, POSSESS, USE, DISTRIBUTE, OR ADMINISTER ANY CONTROLLED SUBSTANCE, EXCEPT AS PRESCRIBED BY A PHYSICIAN.**

**VIOLATION #2: THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER AT LEAST 10 DAYS PRIOR TO ANY CHANGE OF EMPLOYMENT.**

(Doc. # 51, at 2-3). The matter was then taken under submission. (Doc. # 50).

In his R&R, the Magistrate recommends that the Court revoke Defendant's supervised release and impose a sentence of six (6) months incarceration, with thirty (30) months of supervised release to follow. (Doc. # 51, at 2-3). In making this recommendation, the Magistrate notes that Defendant's violations are Grade B and C; and with a Criminal History Category of V, the advisory revocation guidelines yield an imprisonment range of 18-24 months. (*Id.* at 3). Nonetheless, the Magistrate agrees with the United States' lower recommendation based upon Defendant's behavior preceding these violations, and the fact that he admitted his drug usage to his probation officer. (*Id.* at 3).

Despite the leniency shown by the United States and the Magistrate, Defendant has filed Objections to the R&R. In so doing, he initially argues that he did not violate the terms of his supervised release because "Defendant went about immediately securing replacement employment after the loss of his first job," and because "the record reflects [that his drug usage] was the only instance of these occurrences and Defendant was forthcoming, honest and cooperative in this regard." (Doc. # 52, at 2). These arguments, though, mitigate his culpability rather than contradict the Magistrate's finding, and ignore his admission during the supervised release violating hearing.

Assuming (correctly) that the Court would reject his initial argument, Defendant also contends that a more appropriate incarceration period is between three (3) to four (4) months. (*Id.*). In support, he notes that the birth of his second child will probably occur in September, which he hopes to attend. The Court, however, sees no reason to deviate from the Magistrate's recommendation, especially in light of its leniency relative to the advisory sentencing guidelines. Accordingly,

**IT IS ORDERED** as follows:

(1) Defendant's Objections (Doc. # 52) are **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 51) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3) Defendant is found to have **VIOLATED** the terms of his supervised release;

(4) Defendant's supervised release is hereby **REVOKED**;

(5) Defendant is sentenced to the **CUSTODY** of the Attorney General for a period of **SIX (6) MONTHS**, with **THIRTY (30) MONTHS** of supervised release to follow. The first **SIX (6) MONTHS** of supervised release shall be served at a half-way house;

(6) The Judgment shall reflect a recommendation that Defendant's sentence be served at the closest facility in Kentucky to Erlanger, Kentucky;

(7) All conditions of supervision previously imposed are **REIMPOSED**;

(8) A Judgment shall be entered contemporaneously herewith; and.

(9) The two letters sent by Dorothy Widner **shall be filed of record** in the above-styled action by the Clerk of Court.

This 26th day of June, 2013.



G:\DATA\ORDERS\Covington Criminal\2010\10-59 Order Adopting R&R.wpd